**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――X
:
:
MEGAN WATSON, on behalf of herself and all : 
others similarly situated, :
:
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
VIKING CLIENT SERVICES, INC. and DOES 1- :
25, :
:
Defendants. :
:
:
―――――――――――――――――――X

Plaintiff MEGAN WATSON on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, VIKING CLIENT SERVICES, INC and DOES 1-25, their employees, agents, and successors (collectively "Defendants"), the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Based upon information and belief defendant VIKING CLIENT SERVICES, INC. ("VIKING") is a corporation organized under the laws of the State of Minnesota with its principle place of business located in Eden Prairie, Minnesota.

8. Upon information and belief, Defendants are companies that use the mail,

telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendants are each a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9. Does 1-25 are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from VIKING, concerning a debt allegedly owed to ICON EQUITIES, LLC ("ICON"), which:
    a. displayed a string of numbers visible through the window of the envelope and/or on a mailing label, which contained the consumer's account number; and/or
- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692f and 1693f(8).

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed

without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to September 24, 2014, Plaintiff allegedly incurred a financial obligation to Citibank South Dakota, N.A. ("CITIBANK").

15. The CITIBANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. CITIBANK and ICON are "creditors" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to September 24, 2014, the CITIBANK obligation became past due.

19. At some point prior to September 24, 2014, the CITIBANK obligation was referred for collection to VIKING.

20. At the time the CITIBANK obligation was placed with VIKING, the balance was past due.

21. On or about September 24, 2014, Defendants caused to be delivered to Plaintiff a letter addressed to Plaintiff. See, Attached **Exhibit A.**

22. The September 24, 2014 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

23. The September 24, 2014 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

24. The September 24, 2014 letter was mailed in a window envelope.

25. The envelope provides a window which displayed through the window:

> XXXX51/D07/ICE01/A-148
>  [IIIII BAR CODE IIIII]
> Megan Watson
> XXXXXXX
> XXXXXX, NJ  XXXXX-XXXX

26. Plaintiff's account number is XXXX51 and is reflected in both the numerals and the bar code.

27. Upon receipt, Plaintiff read the September 24, 2014 letter.

28. The account and/or file number constitutes personal identifying information.

29. The account and/or number is a piece of information that can identify the Plaintiff.

30. The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.  Douglass v. Convergent Outsourcing, 765 F. 3d 299 (3rd Cir. 2014).

7

31. It is Defendants' pattern and practice to send written collection communications, in the form annexed hereto as Exhibits A and B which violate the FDCPA, by inter alia:

(a) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(b) Using language and/or symbols on envelopes mailed to consumers that reveal information other than the debt collector's address.

32. On information and belief, Defendants sent written communications, in the form annexed hereto as **Exhibits A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692f

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 as if the same were set forth at length.

34. Section 1692f et seq. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

35. Defendants violated 15 U.S.C. §1692f by:

   a. using unfair and unconscionable collection practices in connection with the collection of a debt; and

   b. using language and symbol on envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).

36. By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class Statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         September 21, 2015

                                                Respectfully submitted,

                                        By: s/ Lawrence C. Hersh
                                            Lawrence C. Hersh, Esq.
                                            17 Sylvan Street, Suite 102B
                                            Rutherford, NJ  07070
                                            (201) 507-6300

*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 21, 2015              By: s/ Lawrence C. Hersh
                                       Lawrence C. Hersh, Esq

EXHIBIT A



SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

**VIKING** CLIENT SERVICES

7500 Office Ridge Circle
Eden Prairie MN 55344-3678

(952) 944-7575 ♦ (800) 767-7895

*received on 9/29/14*

September 24, 2014

▮51/D07/ICE01/A -148      408594042

Megan   Watson

MAIL ALL CORRESPONDENCE TO:

VIKING CLIENT SERVICES, INC.
PO Box 59207
Minneapolis MN 55459-0207

VCS Account #:        ▮51
Account Balance:  $1341.55

### Past Due Balance

***Detach Upper Portion And Return With Payment***

VCS Account #: ▮51
Creditor: Icon Equities, LLC
Account #: XXXXXXXX4083

Original Creditor: Citibank South Dakota, N.A.
Original Account #: XXXXXXXXX4083
Account Balance: $1341.55

Icon Equities, LLC is the owner of your Citibank South Dakota, N.A. account.

Icon Equities, LLC has assigned the above account Viking Client Services, Inc. for collection and is due in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Team 7
Viking Client Services, Inc.

MEMBER
**ACA** INTERNATIONAL
The Association of Credit
and Collection Professionals

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

1SDVIKI10148(A)